IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ROBERT E. HODEL, )
)
Plaintiff, ) TC-MD 110996D
)
v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
Defendant. ) **DECISION**

Plaintiff appeals Defendant's denial of his application to rollover 10.15 acres identified as Account R236959 (subject property) that were previously eligible to participate in the designated forestland deferral program to the nonexclusive farm use property tax deferral program. The parties submitted stipulated facts, motions for summary judgment and responses. Oral argument via telephone was held on May 8, 2012. This matter is now ready for decision.

I. STATEMENT OF FACTS

The subject property, "with the exception of about two-tenths of an acre, is located within either the City of Portland's Environmental Protection Overlay Zone (p) or the Environmental Conservation Overlay Zone (c)." (Stip Fact 6.) "On or about June 22, 2011, the County notified Plaintiff that the Property was disqualified from the Forestland Special Assessment Program." (Stip Fact 9.) After Defendant received Plaintiff's request to "roll over from the Forestland Special Assessment Program to the Non-EFU Special Assessment Program (the 'Application')" and Defendant's representative visited the subject property, Defendant denied Plaintiff's Application on August 12, 2011, stating that "there was no evidence of Commercial Farming Activity" on the subject property. (Stip Facts 11, 13, 14.) The parties agree that as of Defendant's inspection of the property Plaintiff's use of the property is limited to a "garden

area," measuring "approximately 3,300 square feet" and "located within the one-acre homesite." (Stip Facts 18, 19.) Plaintiff stated that as of the date of the Application there was no reported "income" from the sale of the flowers grown in the garden. (Stip Facts 21, 22.) Defendant alleges that "the City of Portland's current zoning overlays will prohibit Plaintiff from developing the property for farm use in the future." (Stip Fact 24.)

## II. ANALYSIS

The parties agree that after Plaintiff received notice that the subject property was disqualified from the Forestland Special Assessment Program Plaintiff filed an application to qualify for another special assessment program. ORS 308A.724(2) states in pertinent part that:

> "If an owner of land disqualified under one of the special assessment laws listed in ORS 308A.706(1)(d) seeks to qualify for farm use special assessment of nonexclusive farm use zone farmland under ORS 308A.068, the owner shall have five years, beginning with the first year in which application is made under this section, to qualify for the two-year farm use requirement of ORS 308A.068 and the income requirement under ORS 308A.071."[1]

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries* (*PGE*), 317 Or 606, 610, 859 P2d 1143 (1993); ORS 174.020. The legislative intent is to be determined first from the text and context of the statute. *PGE*, 317 Or at 611; *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. " 'Shall' is a command: it is 'used in laws, regulations, or directives to express what is mandatory.' " *Preble v. Department of Revenue*, 331 Or 320, 324, 14 P3d 613 (2000)(citations omitted).

The parties agree that the subject property was "land disqualified under one of the special assessment laws listed in ORS 308A.706(1)(d)" and that the subject property "seeks to qualify

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

for farm use special assessment of nonexclusive farm use zone farmland under ORS 308A.068." ORS 308A.724(2); (Stip Fact 9, 11.) An owner seeking to qualify under ORS 308A.068 is given "five years * * * to qualify for the two-year farm use requirement of ORS 308A.068 and the income requirement under ORS 308A.071." *Id.*

Defendant denied Plaintiff's Application, stating that there was "[n]o evidence of Commercial Farming activity." (Stip Fact 14; Ptf's Attach 5.) Defendant's denial ignores the mandatory language, giving an owner five years to meet "the two-year farm use requirement of ORS 308A.068 and the income requirement under ORS 308A.071." ORS 308A.724(2). The court acknowledges that if Plaintiff was filing an application under ORS 308A.077 in contrast to ORS 308A.724, the subject property is required to be "used" and having "been used for the preceding two years, exclusively for farm use." ORS 308A.068(1). If that requirement were applicable to Plaintiff, the parties agree that the subject property's farm use is currently limited to a "garden" that would likely not meet the statutory farm use definition. For Plaintiff who filed his Application pursuant to ORS 308A.724, the statute clearly grants a five year period from the "first year in which application is made" to meet "the two-year farm use requirement of ORS 308A.068" and there is no current or prior two-year farm use requirement. ORS 308A.724(2).

Defendant offers an alternate reason for its denial, stating that "the City of Portland's current zoning overlays will prohibit Plaintiff from developing the property for farm use in the future." (Stip Fact 24.) Defendant offers no verifiable evidence to support its conclusion that within the five year period Plaintiff cannot develop the property for farm use. The statute allows an applicant five years to meet the statutory farm use and income requirements. After that time period, Defendant's alternate reason for its denial can be verified.

## III.  CONCLUSION

After careful review of the pleadings and applicable law, the court concludes that Defendant's denial of Plaintiff's Application was in error.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

Dated this ⎯⎯ day of July 2012.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on July 18, 2012.  The Court filed and entered this document on July 18, 2012.*